**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Universal Music Corporation, et al., | No. CV-26-01607-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Gavilan Holdings LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Entry of Default Judgment Against Gavilan Holdings, LLC and Jennifer Beeman (collectively "Defendants"). (Doc. 12.) The Court will grant the Motion.

**I.**

This is an action for copyright infringement. Defendant Jennifer Beeman, through counsel, agreed to waive service of process. (Doc. 8.) Defendant Gavilan Holdings, LLC, was served via its statutory agent. (Doc. 9.) Neither Defendant filed an answer, response to the complaint, or otherwise appeared in this action. Upon application by Plaintiffs, the Clerk of Court entered default as to both Defendants. (Doc. 11.) The present Motion followed. No Defendant responded in opposition to the Motion for Default Judgment.

**II.**

The Court has reviewed the Motion for Default Judgment and the entire record. Jurisdiction and venue are proper. The Court finds that Plaintiff has satisfied all service of process and notice requirements under the Federal Rules of Civil Procedure. Plaintiff has

also satisfied the conditions for the entry of default and the entry of default judgment under Rule 55(a) and (b).

The Court also considers the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). These factors, which are to be assessed when deciding whether default judgment is appropriate, include:

> (1) The possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

The first, fifth, and sixth factors plainly weigh in Plaintiffs' favor. With regard to the first factor, denying default judgment would leave Plaintiffs without a remedy because Defendants chose not to appear and defend this case. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The fifth factor supports default judgment because "all well-pleaded facts in the complaint are taken as true . . . [therefore] no genuine dispute of material facts would preclude granting" the motion. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

Additionally, the sixth factor warrants entering default judgment because one Defendant was properly served under Federal Rule of Civil Procedure 4(e) and the other waived service under Rule 4(d). *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071-72 (D. Ariz. 2006) (finding that a defendant's failure to answer is likely not a result of excusable neglect if the defendant is served properly).

The fourth factor, by contrast, gives the Court some pause. Plaintiffs seek monetary damages. They ask for an award of $80,000 in statutory damages. (Doc. 12 at 12.) Plaintiffs also seek to recover their attorneys' fees and costs of $14,025.80 and $1,462.90, respectively. (Doc. 12 at 13; Doc. 12-1 at 4.) This combined amount is not trivial. "Where large sums are at stake, entry of default judgment is disfavored." *Bd. of Trs. of Ariz. Bricklayers' Pension Tr. Fund v. Obeso*, No. CV-18-01765-PHX-JGZ, 2019 WL 4169005,

at *3 (D. Ariz. Sep. 3, 2019). "Nevertheless, where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Bd. of Trs. v. Core Concrete Constr., Inc.*, No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012). The Court, weighing the substantial amount requested by Plaintiffs against Defendants' perceived attempt to avoid liability by not appearing, concludes that the fourth *Eitel* factor is neutral. *But see Boomer v. Gamebox Unipessoal LDA*, No. 22-cv-02133-SK, 2023 WL 4991862, at *3 (N.D. Cal. Jun. 16, 2023) (finding the fourth *Eitel* factor weighed in favor of granting default judgment where the plaintiff sought to recover $529,113.14 in profits earned by the defendant through copyright infringement).

Finally, the Court finds that the second and third *Eitel* factors—the merits of the claim and the sufficiency of the complaint, respectively—support default judgment. These two factors are often "analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Viet. Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (citation modified). According to the Complaint's well-pleaded allegations, and reasonable inferences drawn from them, Defendants entered into a licensing agreement for playing recorded copyrighted musical compositions at their restaurant. (Doc. 1 ¶ 15.) Defendants failed to pay amounts due under the licensing agreement but nevertheless played the musical compositions at the restaurant. (*Id.*) The Complaint's allegations of infringement are substantiated by a declaration submitted with Plaintiffs' Motion. The declarant, Douglas Jones, engaged an independent investigator who visited the restaurant. The investigator personally observed the unlicensed copyrighted musical compositions being played and prepared a report. (Doc. 12 at 5; Doc. 12-2 ¶¶ 15-19; *see also* Doc. 1 at 7.) Accordingly, the Court finds the second and third *Eitel* factors weigh in Plaintiffs' favor.

After analyzing the *Eitel* factors, the Court finds that Plaintiffs are entitled to a default judgment and the requested statutory damages. Plaintiffs will be awarded $80,000 in statutory damages, representing $20,000 per infringement. (*See* Doc. 1 at 7.)

. . . .

### III.

The Court has considered Plaintiffs' request for costs and reasonable attorneys' fees. Under 17 U.S.C. § 505,

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

The Court finds that Plaintiffs are entitled to recover their full costs and reasonable attorneys' fees. The Court has reviewed the Declaration of Edward J. Hermes provided in support of the fees and costs incurred and finds that the hourly rates for attorney and paralegal time are reasonable for copyright infringement litigation. (Doc. 12-1.) The Court further finds that the time expended was reasonable, as were the costs incurred.

**IT IS THEREFORE ORDERED** that the Motion for Entry of Default Judgment Against Gavilan Holdings, LLC and Jennifer Beeman (Doc. 12) is **GRANTED**. Judgment will be entered in Plaintiffs' favor and against Defendants Gavilan Holdings, LLC and Jennifer Beeman, jointly and severally, as follows:

1. Statutory damages in the sum of $20,000.00 for each count of copyright infringement, for a total award of $80,000.00;

2. Attorney's fees and costs in the amount of $15,488.70; and

3. Interest will accrue at the statutory rate from the date of this Order until fully paid.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment accordingly and close this case.

Dated this 5th day of August, 2026.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge

- 4 -